IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHN QUINN, INDIVIDUALLY AND
D/B/A QUINN LOGGING                                            PLAINTIFF

VS.                              CIVIL ACTION NO. 5:07-cv-217(DCB)(JMR)

LM INSURANCE CORPORATION                                       DEFENDANT

ORDER

This cause is before the Court on the defendant LM Insurance Corporation ("Liberty Mutual")'s motion to dismiss **(docket entry 6)**. Having carefully considered the motion and response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

This case was removed from the Circuit Court of Adams County, Mississippi, by the defendant on the basis of diversity jurisdiction. Before the present action, Quinn had filed a complaint in the Circuit Court of Adams County, Mississippi, on May 2, 2003, against Liberty Mutual, et al. The complaint sought damages for, inter alia, negligence, breach of contract and fraud in connection with an alleged cancellation of a workers compensation insurance policy in January of 2003, and an attempt by Liberty Mutual to collect $59,241.14 in alleged additional premiums. On October 19, 2004, on a motion ore tenus by the defendants, the case was dismissed with prejudice.

On January 11, 2006, Dennis L. Scott, a former employee of Quinn Logging, filed a Petition to Controvert with the Mississippi Workers' Compensation Commission ("MWCC") against Quinn Logging and

Timberland Management, Inc. On June 6, 2006, an Amended Petition to Controvert was filed, adding Liberty Mutual Insurance Corporation as the employer's insurance carrier. Liberty Mutual answered, asserting lack of coverage as a defense. Answer of Liberty Mutual, July 14, 2006. On September 12, 2006, Quinn Logging filed a Motion for Determination of Coverage.

In its Order of October 30, 2006, the MWCC affirmatively found that there was coverage under the Liberty Mutual policy. The Commission found that Scott's injury occurred on November 21, 2002. "When Liberty Mutual failed to provide workers' compensation benefits as a result of Dennis Scott's claim Quinn Logging paid indemnity and medical benefits to or on behalf of Dennis Scott." Order of Oct. 30, 2006. The Commission also found that "Liberty Mutual attempted to cancel the policy of insurance with Quinn Logging allegedly due to non payment of premium." Order of Oct. 30, 2006. The MWCC received the notice of cancellation on October 25, 2002. However, Miss. Code Ann. § 71-3-77 provides that a cancellation shall not be effective until thirty (30) days after the service of notice to the MWCC. Because the effective date of the cancellation was November 24, 2002, the policy was still in effect on the date of Scott's injury. The MWCC therefore ordered Liberty Mutual to provide Quinn Logging with worker's compensation insurance coverage as well as a defense to the workers' compensation claim arising out of Scott's injury. Order of Oct. 30, 2006.

Quinn's present suit asserts that Quinn Logging had a policy

in effect with Liberty Mutual on the date of Scott's injury, as found by the MWCC.  He further asserts that following the MWCC's Order of October 30, 2006, Liberty Mutual failed to appeal, making the order final as of November 19, 2006.  Complaint, ¶ 18.  Quinn also alleges that following the MWCC Order, he made numerous demands on Liberty Mutual to comply with the Order.  Complaint, ¶ 19.  Liberty Mutual made partial payment to Quinn on May 7 and May 10, 2007.  Complaint, ¶ 20.  Quinn alleges that Liberty Mutual has failed to provide coverage and has failed to provide a defense as ordered by the MWCC.  Complaint, ¶¶ 23-24.

Liberty Mutual's motion to dismiss requests this Court to find that the October 14, 2004, Order of the Circuit Court of Adams County is <u>res judicata</u> as to the plaintiff's present action.  "<u>Res judicata</u> is an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial."  <u>American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.</u>, 2004 WL 2297150 **1 fn.1 (5th Cir. 2004)(citing <u>Moch v. East Baton Rouge Parish School Bd.</u>, 548 F.2d 594, 596 n.3 (5th Cir. 1977)("Generally, a party cannot base a 12(b)(6) motion on res judicata."); <u>Clark v. Amoco Prod. Co.</u>, 794 F.2d 967, 970 (5th Cir. 1986)(noting that Rule 12(b)(6) only applies to affirmative defenses that appear on the face of the plaintiff's complaint)).  The defendant's motion is therefore not properly before the Court and shall be denied.

In addition, the Court is mindful of its continuing obligation to examine its own jurisdiction, which includes the obligation to

address certain abstention doctrines <u>sua sponte</u>.  In this case, the parties are attempting to enforce seemingly conflicting orders, one by the Circuit Court and one by the MWCC.  The apparent conflict between these two orders, and their subject matter (state workers' compensation law) seem to present important questions of state policy transcending the result in the case at bar.  <u>See</u> <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315 (1943).  Abstention under <u>Burford</u> is not appropriate, however, if the relief sought is legal in nature and not equitable.  <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 720-21 (1996).  Therefore, the Court is inclined to remand the issues involving equitable relief, and stay the claims seeking damages.  <u>Id</u>.  Before doing so, however, the Court invites responses from the parties regarding the abstention issue. Accordingly,

IT IS HEREBY ORDERED that the defendant LM Insurance Corporation's motion to dismiss **(docket entry 6)** is DENIED;

FURTHER ORDERED that the parties shall have ten (10) days from the date of entry of this Order to inform the Court of their positions regarding abstention.

SO ORDERED, this the 30th day of March, 2009.

<u>/s/ David Bramlette</u>
UNITED STATES DISTRICT JUDGE